```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ELIZABETH JACKSON,<br><br>    Plaintiff,<br>    v.<br><br>CAMDEN COUNTY<br>CORRECTIONAL FACILITY,<br><br>    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-07956 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:
Elizabeth Jackson, Plaintiff Pro Se
105 Boyd Street
Camden, NJ 08105

**SIMANDLE, Chief District Judge:**

   1.   Plaintiff Elizabeth Jackson seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

   2.   28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCCF; and (2) dismiss the Complaint without prejudice for failure to state a claim regarding conditions of confinement, as to both overcrowding allegations and inadequate medical care allegations. 28 U.S.C. § 1915(e)(2)(b)(ii).

### Claims Against CCCF: Dismissed With Prejudice

4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

5. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

(3d Cir. 1996) (citing *Hafer v. Melo*, 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

6.   Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the Complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. In the Complaint, Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v.*

---

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

*Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

7.  Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.

## Conditions Of Confinement Claims: Dismissed Without Prejudice

### (A)  Overcrowding Allegation

8.  For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim as to conditions of confinement regarding prison overcrowding allegations. 28 U.S.C. § 1915(e)(2)(b)(ii).

9.  The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not

enough factual support for the Court to infer a constitutional violation has occurred.

    10. To survive *sua sponte* screening for failure to state a claim[3], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay*

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

11. A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

12. However, with respect to the alleged facts giving rise to Plaintiff's claims, the Complaint states: "Pneumonia resorted [*sic*] from sleeping on floor 4 inmates to a cell; denied medical attention." Complaint § III(C).

13. Plaintiff states that these events occurred "June 15, 2015; Nov 2014; Sept 2014; July 2014; April 2014." *Id*. § III(B).

14. The Complaint alleges that Plaintiff suffered pneumonia, knee problems, and back problem as a result of these events. *Id*. § IV, § V.

15. Plaintiff seeks to be "compensate[d] because health got worse, [including] knees and back problems because of getting up and down off of floor." *Id*. § V.

16. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding in connection with Plaintiff "sleeping on floor" (Complaint § III(C)), any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

17.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348-50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

18. Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[4]

### (B) Allegations Of Inadequate Medical Care

19. Construing the Complaint to assert § 1983 claims in relation Plaintiff's purported "pneumonia [that was] denied medical care" (Complaint § IV), her alleged "diabetic [condition that was] not given special trays" (*id.*), and her purported "asthmatic [condition] which [was] not given treatments properly or timely" (*id.*), such contentions are insufficient to allege constitutional violations as to conditions of confinement. The Court will dismiss Plaintiff's failure to provide adequate medical care claims without prejudice.

20. In the context of detainees alleging claims related to medical care, the Due Process Clause of the Fourteenth Amendment incorporates the protections of the Eighth Amendment, including the latter's "deliberate indifference" standard, such that "substantive due process rights are violated only when 'the

---

[4] The amended complaint shall be subject to screening prior to service.

8

behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the conscience.'" *Callaway v. New Jersey State Police Troop A*, No. 12-5477, 2015 WL 1202533, at *4 (D.N.J. Mar, 17, 2015) (citing *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 846-47, n.8 (1998)). *Accord Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403 (D.N.J. 2016); *Jacobs v. Cumberland County Dep't of Corr.*, No. 09-0133, 2010 WL 5141717, at *4 (D.N.J. Dec. 8, 2010) ("When executive action is at issue, a violation of the Fourteenth Amendment right to substantive due process may be shown by conduct that 'shocks the conscience'") (citing *A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Ctr.,* 372 F.3d 572, 579 (3d Cir. 2004)); *Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *3 (D.N.J. June 27, 2005) (citing *Simmons v. City of Philadelphia,* 947 F.2d 1042, 1067 (3d Cir. 1991), *cert. denied,* 503 U.S. 985 (1992)).

21.  Thus, in order to set forth a cognizable claim for violation of the right to adequate medical care, an inmate must allege facts demonstrating two elements: (a) a serious medical need; and (b) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

22. Here, the Complaint lacks facts satisfying these two elements in order for the Court to infer Plaintiff was denied adequate medical care.

23. As an initial matter, Plaintiff's non-specific assertion that she was "denied medical attention" (Complaint § III(C)) is insufficient to meet the pleading standard in the absence of any facts.

24. Then, with respect to Plaintiff's purported "pneumonia," "diabetic [condition]" and "asthmatic [condition]" (Complaint § IV), Plaintiff offers no facts to satisfy either the "serious condition" or "deliberate indifference" prongs of a Fourteenth Amendment claim. *Estelle*, 429 U.S. at 106; *Natale*, 318 F.3d at 582.

25. Regarding *Estelle*'s "serious condition" prong, the Complaint offers no facts that any or all of Plaintiff's alleged "pneumonia," "diabetic" or "asthmatic" conditions (Complaint § IV): "(1) ha[ve] been diagnosed by a physician as requiring treatment"; (2) "[were] so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) were a condition for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted). The Complaint is silent with respect to facts relevant

to demonstrating "serious condition," such as: the nature and severity of Plaintiff's pneumonia, asthma and diabetes; whether, when and to whom Plaintiff communicated knowledge of one or more of these conditions to CCCF personnel; and Plaintiff's medical history as to frequency, duration and management of her pneumonia, asthma and diabetes. (The foregoing examples of facts demonstrating "serious condition" are merely illustrative but not exhaustive or exclusive.) *See Maldonado v. Terhune,* 28 F. Supp.2d 284, 289 (D.N.J. 1998). In short, Plaintiff does not allege that she has ever actually been diagnosed with pneumonia, diabetes, or asthma, or that her supposed suffering from these conditions was so obvious that a lay person would recognize the necessity of medical care, dietary provisions or respiratory treatments, respectively. Accordingly, Plaintiff has not satisfied *Estelle*'s "serious condition" element for a Fourteenth Amendment claim.

26.  Regarding *Estelle*'s second prong, the Complaint sets forth no facts establishing that prison officials acted with "deliberate indifference to h[er] serious medical need[s]." *Holder*, 2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582) (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). Conduct that constitutes negligence does not rise to the level of deliberate indifference; rather, deliberate

11

indifference is a "reckless disregard of a known risk of harm." *Holder*, 2005 WL 1522130, at *4 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Courts have found deliberate indifference "in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence[.] *Nicini v. Morra,* 212 F.3d 798, 815 n.14 (3d Cir. 2000)." *Natale*, 318 F.3d at 582.

27. Here, Plaintiff's bare allegations that she was "not given special trays" and "not given treatments properly or timely" (Complaint § IV) are insufficient, without more, to establish "deliberate indifference" for a Fourteenth Amendment claim under *Estelle.*

28. For example, Plaintiff sets forth no allegations as to: whether she informed CCCF personnel of her pneumonia and they then purposely refused her treatment for it; whether she informed CCCF personnel of her diabetes and they then deliberately denied her diabetic meal trays that were available; and whether she informed CCCF personnel of her asthma and they then intentionally refused or delayed her particular types of treatment for such. Also unclear from Plaintiff's allegations are the diagnosis dates and symptom severity of these three conditions in her medical history, along with health complications (if any) suffered by Plaintiff as a result of the allegedly denied medical care. The Complaint is silent with

respect to whether CCCF personnel knew that Plaintiff claimed to suffer from each of these three health issues or whether her conditions were obvious. *See*, *e.g.*, *Mattern v. City of Sea Isle*, 131 F. Supp.3d 305, 316 (D.N.J. 2015) (citing *Nicini*, 212 F.3d at 815 n.14) ("[T]he Third Circuit has found deliberate indifference in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence"). Furthermore, the Complaint does not set forth any contentions that describe how individual officers were personally involved and deliberately indifferent to each of her purported pneumonia, diabetes and asthma conditions.

29. Therefore, Plaintiff has failed to state a cause of action under the Fourteenth Amendment for inadequate medical care as to her purported pneumonia, diabetes and asthma while incarcerated at CCCF. These claims will be dismissed without prejudice, with leave to amend the Complaint within 30 days of the date of this order to meet the pleading deficiencies noted above, if Plaintiff elects to pursue this claim.

## Conclusion

30. Plaintiff is advised that, in the event she elects to file an amended complaint to address the deficiencies noted herein, she must plead specific facts regarding the conditions of confinement to support a reasonable inference that a

13

constitutional violation has occurred in order to survive this Court's review under § 1915.

31. Furthermore, in the event Plaintiff elects to file a second complaint to amend her original October 27, 2016 Complaint in this matter, it should be limited to confinements from which Plaintiff was released after October 27, 2014 because claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). Any allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after release from incarceration.

32. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the

14

allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

33. For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCCF; and (b) dismissed without prejudice for failure to state a claim as to conditions of confinement.

34. An appropriate order follows.


**March 30, 2017**                         **s/ Jerome B. Simandle**
                                           JEROME B. SIMANDLE
                                           Chief U.S. District Judge